UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA ANN DAY,<br><br>        Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>        Defendant. | No. 2:15-cv-02583-AC<br><br><br>ORDER |

Plaintiff has requested authority under 28 U.S.C. § 1915 to proceed in forma pauperis. Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

I. SCREENING STANDARD

Granting IFP status does end the court's inquiry. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Plaintiffs must assist the court in making this determination by drafting their complaint so that it contains a "short and plain statement" of the basis for federal jurisdiction (that is, the

1

reason the case is filed in this court, rather than in a state court), as well as a short and plain statement showing that plaintiffs are entitled to relief (that is, who harmed the plaintiffs, and in what way).  Plaintiffs' claims must be set forth simply, concisely and directly.  See "Rule 8" of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 8).  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federalrules-civil-procedure.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiffs' favor.  See Neitzke, 490 U.S. at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).

However, the court need not accept the truth of legal conclusions that are phrased as factual allegations, or allegations that contradict matters properly subject to judicial notice.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## II. ANALYSIS

"The exclusive method for obtaining judicial review of a final decision of the [Social Security Administration] is set forth in [42 U.S.C. § 405(g)]."  Tate v. United States, 437 F.2d 88 (9th Cir. 1971).  This statute provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

§ 405(g). This provision operates as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner of Social Security ("the Commissioner"). Bowen v. City of New York, 476 U.S. 467, 479 (1986). Because the appeal provision set forth in § 405(g) constitutes a waiver of sovereign immunity, courts must strictly construe the applicable time limit. Id.; see also Fletcher v. Apfel, 210 F.3d 510, 513 (5th Cir. 2000) (affirming summary judgment in favor of the Commissioner for untimely filing of one day). Accordingly, a complaint appealing the Commissioner's denial of an application for social security benefits must allege the dates of the plaintiff's application(s) and the related denial(s). Cribbet v. Comm'r of Soc. Sec., No. 1:12-CV-01142-BAM, 2012 U.S. Dist. LEXIS 155574, at *2–3 (E.D. Cal. Oct. 29, 2012) (M.J. McAuliffe); Cook v. Astrue, No. 1:12-CV-00347-GSA, 2012 U.S. Dist. LEXIS 31999, at *5–7 (E.D. Cal. Mar. 9, 2012) (M.J. Austin); Sanchez v. Astrue, No. 1:11-CV-00607 GSA, 2011 WL 1549307, at *2–3 (E.D. Cal. Apr. 21, 2011) (M.J. Austin). The plaintiff must also allege that he or she appealed to the Appeals Council, setting forth the application date, the decision date, and the outcome. Id.

Here, the entirety of plaintiff's complaint reads as follows:

> I Lisa Ann Day is filing A formal complaint to the Commissioner of Social Security. I feel I have been treated unfairly due to the circumstances. I was only approved for two years and it was all based on my carpol tunnal surgery I received in 2007. They have not even looked at any of my other physical or mental disabilities.

ECF No. 1. Plaintiff has not provided any dates related to her application or applications for disability benefits and the related denials. Therefore, it is impossible for the court to determine whether plaintiff's filing is timely and her complaint must be dismissed.

Although plaintiff's complaint contains deficiencies as outlined above, the court will allow plaintiff an opportunity to amend. If plaintiff decides to file an amended complaint, she is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc.,

114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); see also Local Rule 220.  Any amended complaint must (1) establish its timeliness, and (2) allege facts sufficient to show she is entitled to relief.  Fed. R. Civ. P. 8(a).  As the court has explained, to establish her complaint's timeliness plaintiff must allege that she appealed the Commissioner's denial of her application for benefits and when her appeal was denied.  Plaintiff must also allege *why* it is the Commissioner's decision was incorrect in terms that are both simple and concise.

### III.  CONCLUSION

In accordance with the foregoing, THE COURT HEREBY ORDERS that:

1. Plaintiff's application to proceed in forma pauperis, ECF No. 2, is GRANTED;

2. Plaintiff's complaint, ECF No. 1, is DISMISSED; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED:  January 7, 2016

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE